Borinquen Marrero Ríos, Plaintiff and Appellee, *v.* Gustav L. Müller, Defendant and Appellant.

No. 3817. Argued March 11, 1926.—Decided April 28, 1926.

*Rafael Sancho ,Bonet* for the appellant. *Sebastián García Díaz* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

A supplement to the laws of 1917, promulgated by reason of a decision of this court on the 11th of March, 1919, in speaking of appeals from the municipal courts to the district courts, provides as follows:

"Section 3.—(*a*) The secretary shall enter the cause on the docket of civil actions, notifying the interested parties thereof. The, appellant must request the inclusion of the case in the calendar or list of civil cases set for hearing upon the first reading thereof subsequent to the filing of the case. When the case is called for trial on appeal, the court shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself aggrieved. Such questions having been determined, the cause shall proceed to trial upon the pleading, unless by virtue of a demurrer the judge allow the complaint or answer to be amended. The action being thus ready for trial, it shall be prosecuted *de novo* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district court.

"(*b*) In case the appellant fails to solicit the inclusion of the

action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant and the secretary shall immediately forward the case to the lower court for the execution of the judgment appealed from.''

In the instant case the appeal of the defendant was dismissed by the District Court of San Juan for failure to comply with the transcribed section.

When the case was dismissed it had already been included in the October 5, 1925, calendar, but the theory of the court and the appellee was that it should have been included in the calendar called for August 13, 1925. There is no question that the appeal papers reached the district court before the said date in August and that the appellant had the opportunity in point of time to have caused this case to be included in the said calendar of August 13th.

One of the grounds of complaint is that the defendant-appellant in the district court was not notified by the secretary thereof that there would be a call of the calendar. The rule of a court of record is that the attorneys must apprise themselves of the sessions and public action of the court and of the call of the calendar as well. The exceptions that point the law are judgments and certain motions, but in an ordinary case no duty has been imposed upon the secretary to notify the appellant from the municipal court that there will be a call on a certain day.

The appellant also insists that as the case had been included in the October calendar by the action of the secretary and the court, the original fault, if any, had been cured. We have been in some doubt as to whether the provisions of this Act of 1917 were totally mandatory, and likewise whether they did not leave some discretion in the district court, but on the whole we are convinced that the idea of the Legislature was that the inclusion in the calendar was one of the necessary steps by which an appellant perfected his appeal. The appellant does not question that it is the duty of the court to dismiss an appeal if the case is actually not included

by reason of the failure of the appellant so to request. On the theory of such imperative duty on the part of the appellant he was bound to act immediately. He could have saved all question by requesting the secretary to include his case in the first call of the calendar, or take some other appropriate step. We regret the necessity for the action in this case, but it seems to be a matter of *lex scripta,* a specific determination by the Legislature.

The judgment must be affirmed.